Donald F. AQUINO, Plaintiff,

v.

**AUTOMOTIVE SERVICE INDUSTRY ASSOCIATION, an Illinois not-for-profit corporation, Defendants.**

No. 98 C 4230.

United States District Court,
N.D. Illinois,
Eastern Division.

Nov. 4, 1999.

Robert A. Filpi, Paul F. Stack, Stack, Filipi, & Kakacek, Chicago, IL, James Arthur McGurk, Attorney at Law, Chicago, Il, for Plaintiff.

Michael T. Reid, Keeley, Kuenn & Reid, Chicago, IL, for Defendant.

### *MEMORANDUM OPINION AND ORDER*

BUCKLO, District Judge.

Donald Aquino was 63 years old when he was fired by his employer, the Automotive Service Industry Association ("ASIA"), in January 1997. His performance evaluations had been mixed. On December 12, 1996, he attended a meeting with his boss, ASIA President Gene Gardner, the purpose of which was to strongly suggest that Aquino look elsewhere for a job. There Gardner criticized Aquino's job performance. According to Aquino, Gardner expressly alluded to his age and eligibility for Social Security. Gardner's follow-up memo of December 12 stated that Aquino had not "accepted new technology and therefore [lacks] the ability to keep up" and that Aquino couldn't "adjust to the changes required; you fight to maintain the 'old way,' and it becomes an irritant to your coworkers." Aquino sued ASIA for

age discrimination and retaliation. ASIA moves for summary judgment.

Summary judgment is appropriate where there is no material issue of fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). I take the facts in the light most favorable to the party opposing the motion, *Fulk v. United Transp. Union,* 160 F.3d 405, 407 (7th Cir.1998), but the nonmoving party has the burden of coming forward with enough evidence so that a rational jury could find for it at trial. *Anderson v. Liberty Lobby,* 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In this case, Aquino has met his burden.

■ Direct evidence of discrimination is evidence which can be interpreted as an acknowledgment of discriminatory intent. *Kormoczy v. HUD,* 53 F.3d 821, 824 (7th Cir.1995). Such intent may be found in an employer's statement that reveals hostility to older workers, *Wichmann v. Bd. of Trustees of Southern Ill. Univ.,* 180 F.3d 791, 801 (7th Cir.1999). Such a statement may stop short of a virtual admission of illegality, *Miller v. Borden, Inc.,* 168 F.3d 308, 312 (7th Cir.1999), although isolated comments that amount to no more than stray remarks will not suffice. *Sheehan v. Donlen Corp.,* 173 F.3d 1039, 1044 (7th Cir.1999). Remarks reflecting a propensity by the decisionmaker to evaluate employees based on illegal criteria, however, will suffice. *Id.*

■ In this case, a reasonable jury might agree with ASIA that Aquino was discharged because his performance was deficient. But if it believed that Gardner's statements at the evaluation meeting and in the follow-up memo referring to Aquino's reluctance to accept "new" technology and stick with the "old way" were invidious references to age, it might reasonably disbelieve ASIA, particularly since Aquino's performance evaluations had not been uniformly good or bad. (Their appraisal is itself an issue of material fact, so I reject ASIA's argument that it must win because

Aquino's performance was unsatisfactory.) The likelihood that a reasonable jury might disbelieve ASIA would be heightened if the jury believed that Gardner referred to Aquino's age and eligibility for Social Security immediately before asking him how long he intended to remain at ASIA during a meeting intended to indicate that he was out. Such a remark might be construed to approximate a virtual admission of illegal intent. Whether Gardner said any such thing is therefore a disputed issue of material fact.

If the case is analyzed as a circumstantial evidence case under the familiar burden shifting approach of *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), or under the mixed-motives approach of *Price Waterhouse v. Hopkins,* 490 U.S. 228, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989), Gardner's remarks, admitted and disputed, could if believed provide a reasonable basis for rejecting ASIA's legitimate nondiscriminatory reason for firing Aquino as pretextual, which rejection may be sufficient basis to find for the plaintiff. *St. Mary's Honor Center v. Hicks,* 509 U.S. 502, 511, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993).

■ ASIA argues that Gardner did not replace Aquino but assigned his duties to younger staff members, so that Aquino cannot argue that younger employees were treated more favorably. See *Gadsby v. Norwalk Furniture Corp.,* 71 F.3d 1324, 1330 (7th Cir.1995). However in *Wichmann,* the Seventh Circuit rejected precisely this reasoning in a case involving redistribution of an older terminated employee's duties to younger employees. 180 F.3d at 802.

Aquino fails to establish any connection between visiting his attorney and his termination, so his retaliation claim cannot be maintained.

I Deny ASIA's motion for summary judgment on Aquino's age discrimination claim. I Grant its motion for summary judgment on his retaliation claim. I Deny

as moot its motion to strike portions of Aquino's statement of material facts.